# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0018-CVE |
| | ) | |
| GREGORY A. WEILER, II, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court on defendant's motion (Dkt. # 72), filed September 20, 2019. Defendant requests leave to proceed pro se and a "split-file hearing" so that he may "contest" the Court's verdict finding him not guilty only by reason of insanity. Id. For the reasons discussed below, the Court denies the motion.

## I.      Background

On February 4, 2013, defendant Gregory A. Weiler, II, was charged by indictment with possession of an unregistered destructive device, in violation of 26 U.S.C. §§ 5861(d) and 5871. Dkt. # 2. On February 21, 2013, following a hearing, the Court granted defendant's unopposed motion for determination of competency and ordered him to be examined for competency to stand trial. Dkt. # 16. In April 2013, following a hearing, the Court found defendant incompetent to stand trial and committed him to the custody of the Attorney General for care and treatment, for a period not to exceed four months. Dkt. # 20. In August 2013, defendant, through counsel, filed a notice of his intention to assert an insanity defense. Dkt. # 24. At that time, defendant was confined at Federal Medical Center (FMC) Butner for competency restoration. Id. On the plaintiff's motion,

the Court ordered defendant to remain at FMC Butner, for a period not to exceed 45 days, so that he could be examined by a psychologist or psychiatrist for a determination of whether he was insane at the time of the offense alleged in the indictment. Dkt. # 28. The Court held a competency hearing on January 6, 2014, and found, based on evidence stipulated to at the hearing, that defendant was competent to stand trial. Dkt. # 41.

Following a non-jury trial on January 17, 2014, the Court found, based on the parties' written stipulations concerning the offense and three medical evaluations regarding defendant's mental condition, that defendant committed the charged offense and that defendant suffered from a severe mental disease or defect when he committed the offense such that he was not able to understand what he was doing or that it was wrong. Dkt. # 48. Accordingly, the Court found defendant not guilty only by reason of insanity, ordered him committed to the Bureau of Prisons (BOP) for placement in a suitable facility pursuant to 18 U.S.C. § 4243(a), and ordered him to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. § 4243(b). Id.

An evaluation was conducted, and a psychiatric or psychological report (Dkt. # 59) was filed with the Court pursuant to 18 U.S.C. § 4243(b). On July 1, 2014, the Court held a dangerousness hearing as required by 18 U.S.C. § 4243(c). See Dkt. # 62. Upon stipulation of both parties, the Court concluded that defendant had not met his burden under 18 U.S.C. § 4243(d) to prove that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. Id. By order filed July 1, 2014 (Dkt. # 62), the Court committed defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e).

On September 20, 2019, defendant, who is currently confined at FMC Devens in Massachusetts, filed the instant motion requesting leave to proceed pro se and requesting a "split-file hearing" to contest the "NGRI (not guilty by reason of insanity) findings and conviction" and obtain "dismissal" of his criminal case. Dkt. # 72, at 1-7.[1] In the motion, defendant challenges his NGRI verdict and the "dangerous" findings on the basis that "the judge and courtroom broke a law" during his prosecution when his public defender mistakenly identified him in a document as Gregory Weiler rather than Gregory A. Weiler, II. Id. at 4-5. Defendant alleges he has experienced "issues" at FMC Devens because of this mistake because his father, Gregory Weiler, "was a convicted child molester and his history is accessible." Id. at 6. Defendant alleges that he is entitled to "dismissal" of his charges, a "permanent not guilty verdict" and "immediate release." Id. at 5. He also seeks $1.8 million in "damages" or restitution for his false imprisonment and states that he may seek additional damages for injury, pain and suffering after he has "a final check-up" and "private follow-up." Id. Defendant further requests an expedited ruling on his motion and an immediate transfer to FMC Butner or a court order to correct the document that mistakenly identifies his name. Id. at 6.

After filing the instant motion, defendant submitted three letters (Dkt. ## 73, 74, 75) to the Court. In the first letter, filed September 26, 2019, defendant refers to his "petition" to contest the NGRI verdict, reasserts his contention that an error occurred during his prosecution when one or more documents were filed identifying him as Gregory Weiler, and seeks dismissal of his criminal case based on that error. Dkt. # 73, at 1. Defendant also states that he is "formally dismissing" his public defender. Id. In the same letter, defendant states his intent to bring a "civil suit" against the

---

[1]     The Court's record citations refer to the CM/ECF header page number located in the upper right-hand corner of each document.

BOP, BOP staff members, and "the makers of all the drugs [he has] ever taken" to assert claims (1) that he is "experiencing cellular and genetic and blood and skeletal mutations due to psychotropic drug battery," and (2) that he has been forcibly medicated and "overdrugged." Dkt. # 73, at 2. He states that he seeks "a double hearing" so that he may (1) contest his criminal case and (2) pursue his civil claims. Id. Defendant also reasserts his request for a court order transferring him to FMC Butner. Id.

Defendant's second letter, filed October 1, 2019, is styled as a "civil complaint requesting formal resolution." Dkt. # 74. In the "complaint," defendant identifies five separate "cases" against multiple defendants. *Id.*

- In Case # 1, defendant purports to sue the BOP and unnamed psychiatrists, psychologists, physician's assistants, and medical doctors for "negligence and malpractice," claiming that he has "multiple issues with his body including morphing shoulder size, morphing height, and an extra tube in [his] throat." Dkt. # 74, at 1. He appears to seek injunctive relief only, namely, a battery of independent medical tests to confirm that he now suffers from physical mutations. Id.

- In Case # 2, defendant purports to sue the BOP and FMC Devens for "libel and slander," claiming that the BOP has labeled his prison clothing and identification cards with the name of a pedophile. Dkt. # 74, at 3. Defendant alleges that because he has been labeled a pedophile, he has "almost" been raped, he has been beaten by other inmates, and he has been placed in the "lockdown unit." Id. As relief for these claims, defendant seeks (1) transfer to FMC Butner, (2) monetary damages, and (3) re-establishment of his good name. Id.

•     In Case # 3, defendant purports to sue the same defendants he identifies in Case # 2 and claims he has been assaulted with a controlled substance and force medicated for practicing the Wiccan religion. Dkt. # 74, at 3. Defendant refers to a "cell hearing," alleges he was denied legal representation at the hearing, and further alleges he was "bullied" into signing an order. Id. at 3-4. Defendant seeks a private evaluation of his mental health history to determine which medications he should be taking, seeks revocation of the medical licenses of all medical staff who have been involved in his treatment, seeks to have prison guards fired, seeks monetary damages from each defendant "personally," and would like to have criminal charges filed against each defendant. Id. at 4.

•     In Case # 4, defendant purports to sue unidentified defendants from FMC Butner and FMC Devens for medical malpractice. Dkt. # 74, at 4-5. He alleges he was "forcefully medicated" at both facilities, as well as throughout a substantial period of his childhood, and seeks an "immediate subpoena of all [of his] medical records from childhood through adulthood," free copies of his medical records, and "damages." Id.

•     In Case # 5, defendant states that after Case # 1 is resolved he intends to "lodge a complaint that the cause of [his] defects and mutations," as described in Case # 1, "was the overmedication of serotonin inhibitors or amplifying drugs." Dkt. # 74, at 5. In this future case, defendant intends to seek monetary damages and a court order directing officials to stop his medications and purports to sue the manufacturers of several brand name and generic drugs. Id. at 5-6.

On October 3, 2019, defendant filed a third letter, reasserting his claim that because certain documents filed in his criminal case misidentified him as Gregory Weiler, the BOP issued erroneous

identification cards and placed him in a "sex offender compound," and other inmates physically

assaulted him. Dkt. # 75, at 1-6. In this letter, defendant seeks dismissal of his criminal charges and

$1.2 million in damages or restitution for false imprisonment to be paid to him at the gate, preferably

in gold, upon his immediate release from prison. Id. at 2-3.

## II.     Analysis

The Court has liberally construed defendant's motion, along with his subsequently-filed

letters, to determine whether defendant states any factual or legal basis to support his request for

permission to proceed pro se and his request for a hearing. For three reasons, the Court finds those

requests shall be denied.

First, to the extent defendant seeks to "contest" the validity of the Court's NGRI verdict, he

may not collaterally attack his decision to assert a successful insanity defense either through a motion

filed under 28 U.S.C. § 2255 or through a petition for writ of habeas corpus filed under 28 U.S.C.

§ 2241. See Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (finding defendant could not

"collaterally attack" NGRI verdict through 28 U.S.C. § 2241 petition); United States v. Boigegrain,

155 F.3d 1181, 1186 (10th Cir. 1998) (citing plain language of 28 U.S.C. § 2255 which allows a

"prisoner in custody under sentence" to move for relief from the sentence and noting that "[a]

defendant temporarily committed pursuant to section 4241(d) is neither a prisoner nor under

sentence; after being found incompetent to stand trial, he is held in the custody of the attorney

general as an accused rather than a criminal offender"); Curry v. Overholser, 287 F.2d 137, 139-40

(D.C. Cir. 1960) (rejecting habeas petitioner's attempt to challenge NGRI verdict after petitioner

unsuccessfully moved the trial court for directed verdict of acquittal by reason of insanity but

successfully obtained judgment of acquittal by reason of insanity on appeal); United States v.

McCarey, No. 07-338 (EGS), 2019 WL77402, at *4 (D.D.C. Jan. 2, 2019) (slip copy) (citing Curry and Archuleta and rejecting defendant's attempt "to relitigate the Court's initial finding that she was not guilty by reason of insanity"); Ruston v. Jett, No. 14-1891 (JRT/FLN), 2015 WL 1223669, at *3 (D. Minn. Mar. 17, 2015) (concluding that magistrate judge correctly applied Archuleta in recommending dismissal of habeas petitioner's attempt to collaterally attack NGRI verdict through 28 U.S.C. § 2241 petition).

Second, to the extent defendant's motion could be construed as seeking permission to file a 28 U.S.C. § 2241 petition solely to challenge the legality of his current confinement and obtain his "immediate release," defendant fails to identify any cognizable habeas claim. Notably, a person committed to confinement pursuant to 18 U.S.C. § 4243 may challenge his or her current confinement by filing a 28 U.S.C. § 2241 petition. See 18 U.S.C. § 4247(g) ("Nothing contained in section 4243 . . . precludes a person who is committed under [that section] from establishing by writ of habeas corpus the illegality of his detention."). Ordinarily, a petitioner must file a 28 U.S.C. § 2241 petition in his or her district of confinement. Rumsfield v. Padilla, 542 U.S. 426, 443 (2004). However, when a person is committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4243(e), the committing court has discretion under either 18 U.S.C. §§ 4247(g) or 4247(h) to exercise jurisdiction over a 28 U.S.C. § 2241 petition that seeks release from confinement. See Archuleta, 365 F.3d at 649 (noting that only committing court may grant conditional or unconditional release under 18 U.S.C. § 4247(h) and is therefore the correct court to exercise jurisdiction over a 28 U.S.C. § 2241 petition filed by a person committed to confinement under 18 U.S.C. § 4243(e)); McCarey, 2019 WL 77402, at *5 (applying Archuleta's reasoning to exercise jurisdiction over defendant's 28 U.S.C. § 2241 petition requesting "unconditional release");

Commey v. Grondolsky, 2 F. Supp. 3d 48, 49-50 (D. Mass. 2014) (citing Archuleta and transferring

28 U.S.C. § 2241 petition filed by person committed pursuant to 18 U.S.C. § 4243 to district court

that ordered commitment). Even assuming defendant's motion could be construed as stating his

intent to seek habeas relief under 28 U.S.C. § 2241, defendant fails to identify any cognizable habeas

claim relating to his current confinement. Defendant's only reasonably discernible challenge to the

legality of his current confinement rests on his allegation that certain documents filed in this case

misidentified him as Gregory Weiler, rather than as Gregory A. Weiler, II. Having reviewed the

record, the Court finds factual support for defendant's allegation: some documents identify

defendant as Gregory Weiler. See Dkt. ## 24, 25, 26, 28. But the three documents most critical to

his current confinement—namely, the indictment, the special verdict finding him not guilty only by

reason of insanity, and the commitment order—correctly identify defendant as Gregory A. Weiler,

II. See Dkt. ## 2, 48, 62. Thus, to the extent defendant seeks permission to proceed pro se and

requests a hearing to challenge the legality of his current confinement, he fails to identify any

cognizable habeas claim that would support granting his request for "immediate release."

Third, to the extent defendant either intends to challenge the conditions of his confinement

or intends to pursue civil claims against federal actors or private individuals, he must do so by filing

one or more civil actions under 42 U.S.C. § 1983, if the alleged violators are state or local actors,

Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), or under Bivens v. Six Unknown Named Agents of

Federal Bureau of Narcotics, 403 U.S. 388 (1971), if the alleged violators are federal actors. See,

e.g., Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir. 1991) ("[A]lthough § 1983 is not available

when a state prisoner seeks a release from or reduction of confinement, it is available when a

prisoner seeks (1) to challenge the conditions of his confinement or (2) a declaratory judgment as

a predicate to (a) an award of money damages or (b) prospective injunctive relief.").  In any case,

even with the benefit of liberal construction, defendant's allegations in support of his civil claims

relate to conditions that exist, or wrongs allegedly committed against him, at FMC Devens in

Massachusetts or at FMC Butner in North Carolina.  See Dkt. ## 72, 73, 74, 75.  As a result, venue

for those civil actions would be improper in this judicial district.  The generally applicable venue

statute provides that,

> [a] civil action may be brought in--
>
> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see also Coleman v. Crisp, 444 F. Supp. 31, 33 (W.D. Okla. 1977) (noting that

general venue provisions of § 1391 apply in § 1983 actions); D'Amico v. Treat, 379 F. Supp. 1004,

1007 (N.D. Ill. 1974) (same).  Similarly, under 28 U.S.C. § 1391(e),

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the Untied States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

Thus, to the extent defendant's motion could be construed as seeking permission to proceed pro se

or requesting a hearing in this Court concerning his purported civil claims, the Court finds

defendant's requests should be denied.

**III.** **Conclusion**

Based on the foregoing analysis, the Court denies defendant's motion to proceed pro se and

his request for a "split-file hearing."

**ACCORDINGLY, IT IS HEREBY ORDERED** that defendant's motion (Dkt. # 72) is

**denied**.

**DATED** this 8th day of October, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE