UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0018-CVE |
| | ) | (Civil Case 23-CV-0175-CVE-JFJ) |
| GREGORY A. WEILER, II, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 120). In February 2013, a grand jury returned an indictment charging defendant with one count of possessing an unregistered destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871. Dkt. # 2. Defendant's attorney, Stephen Greubel, requested that defendant be evaluated due to competency issues, and he also requested an evaluation concerning defendant's sanity when the offense was committed. After multiple mental health evaluations were conducted, the Court conducted a bench trial and found defendant not guilty by reason of insanity (NGRI), and he was transferred to a medical facility for additional psychiatric or psychological evaluation. Dkt. # 46. The verdict was entered on January 17, 2014 and the Court continues to receive medical evaluations concerning defendant's mental health status.

In the most recent annual risk assessment, the examiner concluded that defendant continues to suffer from a mental disease or defect and he would pose a substantial risk of injury to another person or the property of another if he were released. Dkt. # 102. Defendant has filed numerous pleadings with the court, many of which are barely legible, and in some of the filings he contends

that he should not have been permitted to plead NGRI. However, defendant's assertion that he should have pled not guilty and proceeded to trial, instead of NGRI, is coupled with his belief that he would have been found not guilty by a jury, because his actions were prompted by divine inspiration that he was a prophet and he claims to posses eyewitness accounts that he was "Moses and Elijah" performing actions from the Book of "Revelations." Dkt. # 103, at 4. Defendant claims that he has founded the Nation of Gregory, and he asked the Court to provide him film-making equipment so he could film PG-13, R, and NC-17 rated versions of the "High Passion" of the "Gregorian Queens." Dkt. # 121. Defendant claims to have twice changed the color of the sun. Dkt. # 123, at 1; Dkt. # 125. He has filed a notice containing his claims of "Gregorian Supremacy," and he appears to be claiming the he personally stopped an apocalypse from occurring. Dkt. # 124.

The purpose of a § 2255 is to permit a person in the custody of the United States to challenge a conviction or sentence, and the Court has previously advised defendant that he may not attack the validity of his NGRI verdict by means of a § 2225 motion. Dkt. # 76, at 6-7. The Court explained that an NGRI verdict is not a conviction or sentence for the purpose of a § 2255 motion, and a § 2255 motion is not the appropriate vehicle to challenge defendant's confinement for mental health treatment. Id. Construing defendant's allegations broadly, he may not be directly challenging the validity of his NGRI verdict, and he could be contesting the findings that his treatment facility has periodically provided to the Court concerning defendant's mental health status. Dkt. # 120, at 3. However, the Court has found no authority suggesting that a defendant has a statutory or constitutional right to challenge the treatment facility's recommendation that the defendant requires additional treatment before he may be considered a candidate for conditional discharge under 18 U.S.C. § 4243(f). The statute does permit a federal district court to sua sponte set a hearing to

2

determine if there are conditions that would permit the release of a person found not guilty by reason of insanity.

Although defendant's motion is filed on a § 2255 form, defendant is not challenging a conviction or sentence, and he has previously been advised that may not use a § 2255 motion to challenge the validity of the NGRI verdict. The Court would plainly lack jurisdiction over a § 2255 motion under the circumstances. United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) (court lacked jurisdiction over § 2255 motion when the defendant was not in custody for the conviction and sentence being challenged). The Court finds that it is preferable to treat defendant's motion as a request for the Court to invoke its statutory authority to set this matter for a hearing under § 4243(f). Defendant has not shown that he has a statutory or constitutional right to directly challenge the findings of his mental health examiner, but the Court could consider objections to the examiner's report if the matter were set for a hearing. The Court has reviewed defendant's most recent medical evaluation (Dkt. # 102) and defendant's numerous filings, and sees no reason to set this matter for a hearing to consider whether defendant should be discharged from further treatment. The examiner's findings are thorough and well-supported by references to defendant's treatment history, and reports of defendant's delusional and violent behavior are consistent with statements contained in defendant's filings with the Court.

**IT IS THEREFORE ORDERED** that defendant's motion for the Court to exercise its statutory authority under § 4243(f) to set the matter for a hearing (Dkt. # 120) is **denied**.

**DATED** this 7th day of June, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE